**Judy Danelle Snyder, OSB No. 732834**
E-mail: judy@jdsnyder.com
**Holly Lloyd, OSB No. 942979**
E-mail: holly@jdsnyder.com
**Melissa Hopkins, OSB No. 192226**
E-mail: melissa@jdsnyder.com
LAW OFFICES OF JUDY SNYDER
1000 S.W. Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 228-5027
Facsimile: (503) 241-2249

        Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| JUAN ANGEL BOBADILLA,<br><br>                    Plaintiff,<br><br>    v.<br><br>SMITH FROZEN FOODS, INC., an Oregon domestic corporation, JERRY HAHN, an individual, and KELLY HAHN, an individual.<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Violations of 42 U.S.C. § 1981; 42 U.S.C. § 2000e–2(a)(1); ORS 659A.030(1)(a), (b), (f), and (g))<br><br>DEMAND FOR JURY TRIAL |

## PRELIMINARY STATEMENT

1.      This is an action for damages, including punitive damages and attorney's fees and costs, to redress the defendants' violations of plaintiff's federal and state statutory rights.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court under 28 U.S.C. §1331, federal question

PAGE 1 - COMPLAINT

jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.    Venue is within the District of Oregon pursuant to 28 U.S.C. §1391(b) as the claim arose in this judicial district.

4.    Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. §1367 with respect to all causes of action based on Oregon state statutory law because the state claims arise from the same nucleus of operative facts as the federal claims.

5.    Divisional venue is within the Pendleton Division as the events occurred in Umatilla County, Oregon.

**PARTIES**

6.    Plaintiff Juan Angel Bobadilla is a resident of Oregon.  At all material times, Mr. Bobadilla was employed as a forklift driver with Smith Frozen Foods, Inc.

7.    Defendant Smith Frozen Foods, Inc. ("Smith") is an Oregon domestic corporation which operates as a frozen vegetable processor in Umatilla County, Oregon.  At all material times, Smith employed more than two hundred and fifty employees within the state of Oregon.

8.    Defendant Kelly Hahn is a resident of Oregon.  At all material times Kelly Hahn was employed by defendant Smith and the supervisor of Plaintiff in the course and scope of his employment.

9.    Defendant Jerry Hahn is a resident of Oregon.  At all material times Jerry Hahn was employed by Smith and was in substantial part acting within the course and scope of his employment.

**GENERAL ALLEGATIONS**

10.    Mr. Bobadilla is a Hispanic individual of Mexican descent.

11.    Mr. Bobadilla was hired by Smith on June 14, 2000 and employed full-time as a forklift driver in shipping and receiving in Smith's cold storage warehouse until his termination on August 10, 2018.  Prior to his termination, Mr. Bobadilla did not have any recent performance issues and was not under a performance improvement plan.

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

12.     Mr. Bobadilla's lead at Smith was Roberto Saldana ("Mr. Saldana") and his supervisor was Kelly Hahn.  Kelly Hahn's brother, Jerry Hahn, was in charge of the upper cold storage warehouse at Smith.  While Mr. Bobadilla was employed at Smith, Jerry Hahn was regularly overtly racist and hostile toward Hispanic employees, consistently saying things like "fuck Mexicans" directly to Hispanic employees, including Mr. Bobadilla.

13.      Mr. Bobadilla notified Smith management, including Roberto Saldana, Kelly Hahn, and Mike Lesko ("Mr. Lesko"), Smith's human resources manager, about Jerry Hahn's racist comments on numerous occasions between March 2017 and August 2018.  Mr. Bobadilla's union also notified Smith management on several occasions that Mexican employees were subject to racial harassment by Jerry Hahn. Despite these reports to Smith, Jerry Hahn's unwelcome racial harassment of Hispanic employees continued.

14.     On information and belief, during Mr. Bobadilla's employment at Smith, several white and non-Hispanic employees incurred more than ten absences and Kelly Hahn erased many of those absences from those employee's records so that he would not have to follow Smith's termination policy and fire those employees.

15.     On information and belief, during Mr. Bobadilla's employment at Smith, several white and non-Hispanic employees refused to work in the upper cold storage warehouse and instead left work.  Smith took no adverse action against these white and non-Hispanic employees.

16.     On August 4, 2018, Roberto Saldana directed Mr. Bobadilla to work in the upper cold storage warehouse with Jerry Hahn.  Mr. Bobadilla replied in Spanish to Mr. Saldana, "I would rather not work there, even though I have to."  Mr. Saldana told Kelly Hahn that Mr. Bobadilla did not want to work in the upper cold storage warehouse with Jerry Hahn.  Kelly Hahn immediately instructed Mr. Bobadilla to clock out and go home.

17.     Mr. Bobadilla followed Kelly Hahn's instructions.  At the front office, Mr. Bobadilla attempted to clock out; however, he was directed to sign a blank form before he left, which he signed.

PAGE 3 - COMPLAINT

18.    On August 7, 2018, Mr. Bobadilla's union filed a grievance on his behalf to Mr. Lesko, requesting that Mr. Bobadilla be made whole for the day of work he was forced to miss. Mr. Lesko denied the grievance and stated that the incident was under investigation.

19.    On August 8, 2018, Mr. Bobadilla attended a mandatory meeting with Mr. Lesko. During the meeting, Mr. Lesko told Mr. Bobadilla that he had left work on August 4, 2018 because Mr. Bobadilla was sick. Mr. Lesko then showed Mr. Bobadilla the form he had signed. The form was no longer blank, and included written content stating Mr. Bobadilla left work because he was sick. Mr. Bobadilla explained that the form he signed was blank; that he had not signed anything stating that he was sick, nor did he leave work that day stating that he was sick. Mr. Bobadilla explained that he had told Mr. Saldana that he would rather not work at the upper cold storage warehouse. Mr. Bobadillo confirmed that he had not refused to work in the upper cold storage warehouse, rather, that he had requested that he not be assigned to work there so that be would not to be subjected to Jerry Hahn's continued unwelcome racial harassment. Mr. Bobadilla was directed by Kelly Hahn to clock out and go home without explanation.

20.    On August 10, 2018, Smith terminated Mr. Bobadilla's employment for "failing to comply with a management directive" and being "untruthful when asked about his actions as part of an investigatory meeting."

21.    On October 29, 2018, Mr. Bobadilla submitted a complaint to the Oregon Bureau of Labor and Industries ("BOLI") in which he asserted unlawful employment practices in violation of ORS 659A.030(1)(a)-(b) and (f). On November 6, 2018, Mr. Bobadilla was notified by BOLI that his complaint was co-filed with the United States Equal Employment Opportunities Commission ("EEOC").

22.    On October 22, 2019, BOLI issued a Notice of Substantial Evidence Determination of a unlawful employment practices against Smith On October 29, 2019, BOLI issued Mr. Bobadilla a Notice of Right to File a Civil Lawsuit.

23.    As of the date of this complaint, Mr. Bobadilla has requested and is awaiting a

PAGE 4 - COMPLAINT

Notice of Right to File a Civil Lawsuit from the EEOC.

## FIRST CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1981 - Race Discrimination

### (Against Defendant Smith)

24.     Plaintiff realleges and incorporates paragraphs 1 through 23 above.

25.     Plaintiff is a member of a protected class due to his race.

26.     Plaintiff was performing his job satisfactorily.

27.     Plaintiff suffered an adverse employment action when defendant Smith terminated his employment.

28.     Defendant Smith treated plaintiff differently by terminating plaintiff for his request to not be assigned to work in a certain area, where he would be subjected to unwelcome, pervasive and severe racial harassment and discrimination.   White and non-Hispanic employees were allowed to provide a preference of their work areas and were not terminated as a result of providing their preferred work area.

29.     As a result of defendant Smith's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

30.     As a result of defendant Smith's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

31.     As a result of defendant Smith's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

32.     Defendant Smith's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

33.     Plaintiff is further entitled to his reasonable attorneys fees and costs, pursuant to

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
Fax (503) 241-2249

42 U.S.C. § 1988.

## **SECOND CLAIM FOR RELIEF**

### **Violation of 42 U.S.C. § 1981 - Race Discrimination**

### **(Against Defendant Kelly Hahn)**

34.     Plaintiff realleges and incorporates paragraphs 1 through 23 above and 25 through 27.

35.     Defendant Kelly Hahn treated plaintiff adversely by sending him home from work when he requested to not be assigned to work in an area where defendant Kelly Hahn knew plaintiff would be racially harassed and discriminated against by defendant Kelly Hahn's brother, Jerry Hahn.  White and non-Hispanic employees were allowed to provide a preference of their work areas and were not sent home as a result of providing their preferred work area.

36.     As a result of defendant Kelly Hahn's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

37.     As a result of defendant Kelly Hahn's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

38.     As a result of defendant Kelly Hahn's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

39.     Defendant Kelly Hahn's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

40.     Plaintiff is further entitled to his reasonable attorneys fees and costs, pursuant to 42 U.S.C. § 1988.

//

PAGE 6 - COMPLAINT

**THIRD CLAIM FOR RELIEF**

**Violation of Title VII - 42 U.S.C. § 2000e–2(a)(1) - Retaliation**

**(Against Defendant Smith)**

41.    Plaintiff realleges and incorporates paragraphs 1 through 23 above.

42.    Plaintiff was performing his job satisfactorily.

43.    Plaintiff engaged in protected activity when he reported and opposed racial harassment and discrimination directly to defendant Smith

43.    Plaintiff suffered an adverse employment action when defendant Smith terminated his employment because he reported and opposed continuous racial harassment and discrimination.

44.    Plaintiff would not have been subjected the adverse employment action but for his reported opposition of racial harassment and discrimination to defendant Smith.

45.    As a result of defendant Smith's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

46.    As a result of defendant Smith's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

47.    As a result of defendant Smith's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

48.    Defendant Smith's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

49.    Plaintiff is further entitled to his reasonable attorneys fees and costs, pursuant to 42 U.S.C. § 1988.

//

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

## FOURTH CLAIM FOR RELIEF

**Violation of Title VII - 42 U.S.C. § 2000e–2(a)(1) - Race Discrimination**

**(Against Defendant Smith)**

50.    Plaintiff realleges and incorporates paragraphs 1 through 23 above.

51.    Plaintiff is a member of a protected class due to his race.

52.    Plaintiff was discharged by defendant Smith because he requested to not be assigned to work in a certain area, where Smith knew or should have known that plaintiff would be subjected to unwelcome, pervasive and severe racial harassment and discrimination.  White and non-Hispanic employees were allowed to provide a preference of their work areas and were not terminated as a result of providing their preferred work area.

53.    Plaintiff's race was a motivating factor in defendant Smith's decision to discharge plaintiff.

54.    As a result of defendant Smith's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

55.    As a result of defendant Smith's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

56.    As a result of defendant Smith's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

57.    Defendant Smith's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

58.    Plaintiff is further entitled to his reasonable attorneys fees and costs, pursuant to 42 U.S.C. § 1988.

//

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

## FIFTH CLAIM FOR RELIEF

### Violation of ORS 659A.030(1)(a)-(b) - Race Discrimination

### (Against Defendant Smith)

59.     Plaintiff realleges and incorporates paragraphs 1 through 23 above.

60.     Plaintiff is a member of a protected class due to his race.

61.     Defendant Smith discharged plaintiff in violation of ORS 659A.030(1)(a) and (b) because Smith treated plaintiff differently by terminating plaintiff for his request to not be assigned to work in a certain area, where they knew or should have known that plaintiff would be subjected to unwelcome, pervasive and severe racial harassment and discrimination.  Defendant Smith's white and non-Hispanic employees were allowed to provide a preference of their work areas and were not terminated as a result of providing their preferred work area.

62.     Plaintiff's race was a substantial factor in Defendant Smith's decision to discharge plaintiff.

63.     As a result of defendant Smith's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

64.     As a result of defendant Smith's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

65.     As a result of defendant Smith's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

66.     Defendant Smith's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

67.     Plaintiff is further entitled to his reasonable attorney fees and costs, pursuant to ORS 659A.885.

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

## SIXTH CLAIM FOR RELIEF

**Violation of ORS 659A.030(1)(f) - Retaliation**

**(Against Defendant Smith)**

68.     Plaintiff realleges and incorporates paragraphs 1 through 23 above.

69.     Defendant Smith's behavior violated ORS 659A.030(1)(f) because defendant Smith discharged plaintiff for his continuous opposition and reporting of unlawful racial harassment.

70.     As a result of defendant Smith's unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

71.     As a result of defendant Smith's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

72.     As a result of defendant Smith's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

73.     Defendant Smith's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

74.     Plaintiff is further entitled to his reasonable attorney fees and costs, pursuant to ORS 659A.885.

## SEVENTH CLAIM FOR RELIEF

**Violation of ORS 659A.030(1)(g) - Aiding and Abetting**

**(Against Defendants Kelly Hahn and Jerry Hahn)**

75.     Plaintiff realleges and incorporates paragraphs 1 through 23 above.

76.     Defendants Kelly Hahn and Jerry Hahn violated ORS 659A.030(1)(g) by aiding, abetting, inciting, compelling or coercing unlawful discrimination and/or retaliation against plaintiff, as set forth above.

LAW OFFICES OF JUDY SNYDER
1000 S.W. BROADWAY, SUITE 2400
PORTLAND, OREGON 97205
(503) 228-5027
FAX (503) 241-2249

77.     As a result of defendants Kelly Hahn and Jerry Hahn unlawful conduct, plaintiff has incurred economic damages for lost wages to date in the approximate amount of $21,933.60, plus an additional sum for lost overtime, lost benefits, and prejudgment interest in an amount to be determined at trial.

78.     As a result of defendants Kelly Hahn and Jerry Hahn's unlawful conduct, plaintiff will incur future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest.

79.     As a result of defendants Kelly Hahn and Jerry Hahn's unlawful conduct, plaintiff has been subjected to pain, suffering, anxiety, humiliation, loss of enjoyment of life and emotional distress entitling him to an award of compensatory damages in the sum of $500,000.00.

80.     Defendants Kelly Hahn and Jerry Hahn's conduct was intentional or committed with a reckless or callous disregard for plaintiff's constitutional right to be free of race discrimination, entitling plaintiff to an award of punitive damages in the amount to be determined at trial.

81.     Plaintiff is further entitled to his reasonable attorney fees and costs, pursuant to ORS 659A.885.

## DEMAND FOR A JURY TRIAL

82.     Plaintiff demands a jury trial.

//

//

//

//

//

//

//

//

//

PAGE 11 - COMPLAINT

WHEREFORE, plaintiff prays for judgment against each defendant as follows:

1.      A declaration that defendants violated plaintiff's statutorily protected right to be free of harassment and discrimination on the basis of his race and to be free of retaliation for resisting race based harassment and discrimination;

2.      $500,000.00 for plaintiff's non-economic damages;

3.      $21,933.60 for plaintiff's economic damages, plus an additional sum for lost overtime, lost benefits, and prejudgment interest, in an amount to be determined at trial;

4.      An award of plaintiff's future lost wages and benefits in an amount to be determined at trial, plus prejudgment interest;

5.      An award of punitive damages in an amount to be determined at trial; and

6.      Plaintiff's reasonable attorneys fees, expert fees and costs incurred herein.


DATED this 16th day of January, 2020.

LAW OFFICES OF JUDY SNYDER


s/Judy Danelle Snyder
JUDY DANELLE SNYDER, OSB No. 732834
HOLLY LLOYD, OSB No. 942979
MELISSA HOPKINS, OSB No. 192226
Telephone: (503) 228–5027
Facsimile: (503) 241-2249
Email: judy@jdsnyder.com
Email: holly@jdsnyder.com
Email: melissa@jdsnyder.com
Of Attorneys for Plaintiff


PAGE 12 - COMPLAINT